UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARRY MATTHEWS,

      Plaintiff,

v.                                                                      CASE No. 8:13-CV-1469-T-33TGW

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon Plaintiff's

Petition for Attorney Fees (Doc. 19), the defendant's response (Doc. 20), the

plaintiff's reply (Doc. 24), and the defendant's surreply (Doc. 26).  Having

considered the application, the defendant's objections, and the pertinent

factors regarding an award of attorney's fees under the Equal Access to

Justice Act ("EAJA"), I recommend that the plaintiff be awarded $5,432.00

in attorney's fees to be paid, by virtue of a fee assignment, to plaintiff's

counsel by the defendant if the plaintiff does not owe a debt to the United

States Department of the Treasury.

The applicant represented the plaintiff in this action seeking

review of a denial of supplemental security income payments.  This matter

was remanded to the Social Security Administration by order of this court (Doc. 17). Judgment was entered in favor of the plaintiff on May 7, 2014 (Doc. 18). The plaintiff then filed this application for attorney's fees under the EAJA and requests that the fees be paid to his attorney (Doc. 19). The Supreme Court in <u>Astrue</u> v. <u>Ratliff</u>, 560 U.S. 586 (2010), approved the payment of fees directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $7,272.84 (Doc. 19, p. 2; Doc. 19-3, p. 6; Doc. 24, p. 13).[1] This amount represents a total of 27.6 hours of service before the court in 2013 at an hourly rate of $187.02 and 11.2 hours in 2014 at an hourly rate of $188.49 by attorneys Marjorie A. Schmoyer (3.8 hours in 2013 and .6 hours in 2014) and

---

[1]The plaintiff originally sought costs in the amount of $40.00 (Doc. 19).  However, in his reply brief, the plaintiff states that he is withdrawing that request (Doc. 24, p. 6 n.6).

-2-

Sarah H. Bohr (23.8 hours in 2013 and 10.6 hours in 2014) (Doc. 19, p. 2;

Doc. 19-1, p. 7; Doc. 19-2, p. 3; Doc. 19-3, p. 6; Doc. 24, p. 13; Doc. 24-2,

p. 1).[2]

 There is no question that the plaintiff is a prevailing party. <u>See</u>

<u>Shalala</u> v. <u>Schaefer</u>, 509 U.S. 292, 302 (1993).  Moreover, no special

circumstance exists which would make an award of attorney's fees unjust.

However, the defendant contends that her position was substantially justified

and that an award of fees is not warranted under the EAJA (Doc. 20, pp. 3-7).

This contention is unpersuasive since my Report and Recommendation

pointed out that "taking the new evidence at face value, the law judge's

conclusion that the plaintiff does not have a severe right wrist impairment is

contrary to the weight of all the evidence.  Therefore, the Appeals Council

violated the regulations in denying review" (Doc. 16, p. 20).  Accordingly,

the award of attorney's fees to the plaintiff in this case is appropriate under

the EAJA.

 Alternatively, the defendant argues that the plaintiff should not

be awarded fees for certain hours not reasonably expended.  The defendant

---

[2]Bohr's total time in 2014 includes a supplemental request for 8 hours related to the preparation of the plaintiff's reply brief in support of the EAJA petition.

challenges both the plaintiff's original claim for 30.8 hours of attorney work and the supplemental request for an additional 8 hours in connection with the reply (Doc. 20, pp. 7-12; Doc. 26).

The court began its review of the number of hours requested as presented by the parties, in 6-minute increments. However, it is a complete waste of judicial resources to quarrel over such minuscule fees. Thus, for every 6 minutes (.10 hours) disputed, the court would need to decide if plaintiff's counsel should be awarded $17.50.[3]

Nevertheless, the defendant's objections are not completely without merit. First, as the Commissioner notes, the plaintiff's brief contained a lengthy discussion of facts which were irrelevant to the issues presented (see Doc. 20, p. 9 n.3). In addition, the EAJA petition includes time for certain non-compensable, clerical tasks.

Finally, the plaintiff's brief contained a frivolous challenge to the law judge's credibility determination. The law judge adequately explained the reasons for finding the plaintiff not fully credible, and no more than that was required. As the defendant correctly notes (Doc. 20, p. 9), plaintiff's counsel has already been cautioned that such credibility arguments are

---

[3]This amount is calculated using the hourly rate of $175.00, as recommended below.

"tiresome" and "[l]itigating judgment should be exercised to winnow out contentions that are clearly meritless." <u>Parker</u> v. <u>Colvin</u>, Case No. 8:12-CV-1919-T-24TGW (Doc. 15, pp. 20, 27), 2013 WL 3209443 (M.D. Fla.).

In light of these circumstances, an across-the-board cut of the hours is appropriate. I therefore recommend that the requested hours be cut by 20% to 31.04 hours.[4]

As for counsel's hourly rate, the applicant asserts that a cost-of-living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $187.02 per hour for work performed in 2013, and up to $188.49 for work done in 2014 (Doc. 19-3, pp. 6-8). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Nevertheless, that request seems unreasonable under the circumstances.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the

---

[4]Time preparing the reply brief is included in this sum, and is compensable. <u>See Sheet Metal Workers' Int'l Ass'n Local 15, AFL–CIO</u> v. <u>Law Fabrication, LLC</u>, 237 Fed. Appx. 543, 550 (11th Cir. 2007)(recognizing that "fees on fees" are ordinarily authorized under federal statutory fee-shifting provisions); <u>Bianchi</u> v. <u>Bronson & Migliaccio, LLP</u>, 2011 WL 379115 at *10 (S.D. Fla.).

years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour had, recently, become a base of at least $175.00 per hour.

However, a request exceeding an hourly rate of $175.00 is patently beyond the bounds of reason. Thus, as I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case $187.02 per hour for work performed in 2013 and $188.49 for 2014 services when $178.00 was the maximum rate for criminal defense lawyers appointed to defend capital cases. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending

a capital case.   Accordingly, the request for $187.02 per hour for work performed in 2013 and $188.49 for work in 2014 is unreasonable.

As I have already done in other cases making a similar request, I recommend a rate of $175.00 per hour for work performed during 2013 and 2014, although that is only a few dollars per hour less than was paid for work defending capital cases those years.

For the foregoing reasons, I recommend that Plaintiff's Petition for Attorney Fees (Doc. 19) be granted to the extent that the plaintiff be awarded the amount of $5,432.00 in an attorney's fee to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA if the plaintiff is not indebted to the United States Department of the Treasury.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER _/0_, 2014

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).